| | |
|---|---|
| DISTRICT COURT, COUNTY OF ARAPAHOE, STATE OF COLORADO<br><br>Court Address:<br>7325 S. Potomac St., #100<br>Centennial, CO  80112 | DATE FILED: January 17, 2023 3:20 PM<br>FILING ID: 9711C35CB5893<br>CASE NUMBER: 2023CV30088 |
| Plaintiff:    **TAMMY LUCERO**<br><br>**v.**<br><br>Defendants:  **WILLIAM GOLDSMIDT and DOORDASH, INC.** | **▲COURT USE ONLY▲** |
| Attorneys for Plaintiff:<br>Sarah A. Schreiber, Esq., #37767<br>THE WILHITE LAW FIRM<br>1600 Ogden Street<br>Denver, CO 80218<br>Phone Number: (303) 839-1650<br>FAX Number: (303) 565-2035<br>E-mail: sschreiber@wilhitelawfirm.com | Case Number:<br><br><br>Div.:          Ctrm: |

## COMPLAINT AND JURY DEMAND

Plaintiff, **TAMMY LUCERO** (hereinafter "Plaintiff") by and through her attorneys, The Wilhite Law Firm, files her Complaint and Jury Demand against **WILLIAM GOLDSMIDT** and **DOORDASH, INC.** (hereinafter "Doordash") (collectively hereinafter "Defendants") and states as follows:

### PARTIES, JURISDICTION, AND VENUE

1.    On or about May 18, 2020, the date of the incident complained of, Plaintiff was a resident of Arapahoe County, State of Colorado.

2.    Upon information and belief, on or about May 18, 2020, Defendant William Goldsmidt (hereinafter "Defendant Goldsmidt") was living at 10850 E Pinewood Drive, Parker, CO, and was a resident of Douglas County, State of Colorado.

3.    The motor vehicle collision giving rise to this action that occurred on May 18, 2020, occurred at or near S. Aurora Parkway at E. Smoky Hill Road in the City of Aurora, County of Arapahoe, Colorado.

4.     Defendant DoorDash is a foreign limited liability corporation with a principal address of 303 2nd Street, South Tower, Suite 800, San Francisco, CA 94107, authorized to do and doing business in the State of Colorado with its registered agent as C T Corporation System, 7700 East Arapahoe Road, Suite 220, Centennial, Colorado 80112, United States.

5.     Jurisdiction and venue are proper in this action pursuant to C.R.C.P. 98(c) as the tort occurred in Arapahoe County.

## GENERAL ALLEGATIONS

6.     Plaintiff incorporates and realleges the allegations contained in paragraphs 1 through 5 as if fully set forth herein.

7.     On or about May 18, 2020, Defendant Goldsmidt was negligent in the operation of his motor vehicle and committed a tort in Arapahoe County, State of Colorado.

8.     On May 18, 2020, Plaintiff was driving a 2011 BMW sedan was stopped at the intersection of S. Aurora Parkway and E. Smoky Hill Avenue.

9.     Upon information and belief, at the same time, Defendant Goldsmidt was driving a 2008 Ford Explorer and rear-ended Plaintiff's vehicle.

10.     Upon information and belief, at the time of the collision, Defendant Goldsmidt was a driver for Defendant Doordash, a food delivery service.

11.     Upon information and belief, Defendant Goldsmidt was driving while in the course and scope of his employment and/or contract and/or joint arrangement/venture with Defendant DoorDash at the time of the collision.

12.     Upon information and belief, Defendant Goldsmidt was acting as an agent for Defendant DoorDash at the time of the collision.

13.     Defendant Goldsmidt drove in a negligent, careless, and reckless manner, which caused Plaintiff to be injured.

14.     Plaintiff was not comparatively at fault in causing the May 18, 2020, collision.

15.     As a direct and proximate result of the collision described above, Plaintiff incurred in the past, and will continue to incur into the future, medical and other health care and rehabilitation expenses related to injuries, past and future loss of earnings, loss of earning capacity, and loss of time.

16.     As a direct and proximate result of the collision described above, Plaintiff incurred non-economic damages including, but not limited to, pain and suffering, inconvenience, emotional distress, and impairment to quality of life.

17.    As a direct and proximate result of the collision described above, Plaintiff suffers from lasting physical impairment.

## FIRST CAUSE OF ACTION
### (Negligence Against Defendant William Goldsmidt)

18.    The allegations contained in paragraphs 1 through 17 above are incorporated herein by reference as if now set forth verbatim.

19.    Defendant Goldsmidt owed Plaintiff a duty to exercise reasonable care in the operation of a motor vehicle.

20.    Defendant Goldsmidt breached the duty owed to exercise reasonable care in the operation of a motor vehicle by negligently and carelessly operating the aforementioned vehicle in the following respects:

    a.   Driving carelessly;

    b.   Driving negligently;

    c.   Failing to operate the stated vehicle in such a way so as to avoid colliding with other motor vehicles;

    d.   Following too closely;

    e.   Failed to stop for traffic in front of him; and

    f.   Generally operating the stated vehicle in a negligent and careless manner.

21.    As a direct and proximate result of the collision described above, Plaintiff incurred in the past, and will continue to incur into the future, medical and other health care and rehabilitation expenses related to injuries, past and future loss of earnings, loss of earning capacity, and loss of time.

22.    As a direct and proximate result of the collision described above, Plaintiff incurred non-economic damages including, but not limited to, pain and suffering, inconvenience, emotional distress, and impairment to quality of life.

23.    As a direct and proximate result of the collision described above, Plaintiff suffers from lasting physical impairment.

## SECOND CAUSE OF ACTION
### (Negligence *Per Se* Against Defendant William Goldsmidt)

24.    The allegations contained in paragraphs 1 through 23 above are incorporated herein by reference as if now set forth verbatim.

25.    The aforementioned acts of negligence were in violation of the applicable statutes and ordinances of the State of Colorado including, but not limited to: C.R.S. § 42-4-1402, the

Careless Driving Statute; C.R.S. § 42-4-1402, the Reckless Driving Statute, C.R.S. § 42-4-1008, Following Too Closely.

26.    The aforementioned act of negligence was also in violation of applicable local traffic ordinances and codes, even if not mentioned specifically herein.

27.    The aforementioned statutes, ordinances and codes were enacted to protect persons such as Plaintiff from harm and injury of the type inflicted upon him.  As such, the conduct of Defendant Goldsmidt in violating said statutes, ordinances and codes constitutes negligence *per se*.

28.    As a direct and proximate result of the collision described above, Plaintiff incurred in the past, and will continue to incur into the future, medical and other health care and rehabilitation expenses related to injuries, past and future loss of earnings, loss of earning capacity, and loss of time.

29.    As a direct and proximate result of the collision described above, Plaintiff incurred non-economic damages including, but not limited to, pain and suffering, inconvenience, emotional distress, and impairment to quality of life.

30.    As a direct and proximate result of the collision described above, Plaintiff suffers from lasting physical impairment.

### THIRD CAUSE OF ACTION
### (Respondeat Superior/Joint and Vicarious Liability
### Against Defendant DoorDash, Inc.)

31.    The allegations contained in paragraphs 1 through 30 above are incorporated herein by reference as if now set forth verbatim.

32.    On the date of the incident complained of, and at all times material hereto, Defendant DoorDash was a corporation engaged in the operation of transportation and food delivery from an online platform.

33.    On May 18, 2020, and at all times material hereto, Defendant DoorDash held out Defendant Goldsmidt as its agent, apparent agent, servant, employee, or a person engaged in performing the corporation's business endeavor and/or the joint venture.

34.    Defendant DoorDash employed Defendant Goldsmidt as its agent authorized to transport food from pick-up to drop-off locations.

35.    Therefore, on the date of incident, Defendant Goldsmidt was acting within the scope of his employment and/or authority as an agent of Defendant DoorDash.

36.    Defendant DoorDash directed, controlled, or maintained the right to control, and supervised the duties of its agent, apparent agent, servant, joint venturer, contractor, or

employee in the operation of the subject vehicle described herein, and did so at all times material to this matter, such that Defendant Goldsmidt was acting within the course and scope of his employment with Defendant DoorDash, at the time of the incident.

37.   On the date of the incident complained of, as Defendant DoorDash's agent, apparent agent, servant, joint venturer, contractor, or employee, Defendant Goldsmidt was negligent in the operation of the subject vehicle and caused the subject collision.

38.   Defendant DoorDash in its capacity of principal, master, joint venturer, or employer is vicariously responsible, under respondeat superior, for the negligent acts of Defendant Goldsmidt.

39.   As a direct and proximate result of Defendant Goldsmidt's negligent operation of his motor vehicle, Plaintiff has suffered injuries, damages, and losses as set forth above.

## JURY DEMAND

Trial to a Jury of at least six (6) persons is demanded on all issues so triable.

**WHEREFORE**, Plaintiff requests that judgment be entered in favor of Plaintiff and against Defendants Goldsmidt and DoorDash, Inc., in an amount to fairly compensate her for the injuries as set forth herein, including but not limited to, court costs, attorney fees, expert witness fees, pre and post judgment interest, statutory interest from the date this cause of action accrued or as otherwise permitted under Colorado law and for such other and further relief as this Court deems just and proper and / or Plaintiff pray for the following relief:

(a)   For an amount which will reasonably compensate Plaintiff for past, present, and future economic loss;

(b)   For an amount which will reasonably compensate Plaintiff for medical expenses, past and future;

(c)   For an amount which will reasonably compensate Plaintiff for permanent limitation, injuries, and/or disfigurement, limitations and or disabilities of the body and/or mind;

(d)   For an amount which will reasonably compensate Plaintiff for pain and suffering, past and future;

(e)   For an amount which will reasonably compensate Plaintiff for loss of enjoyment of life and / or the capacity of life;

(f)   For pre and post judgment interest as provided by Statute from the date of each collision which forms the bases of the complaint to the date of verdict or judgment, and for costs and fees incurred in the prosecution of the matter and for any other and further relief as the Court may deem just.

Respectfully submitted this 17th day of January, 2023.

THE WILHITE LAW FIRM

*/s/ Sarah A. Schreiber, Esq.*
Sarah A. Schreiber, Esq.
Attorney for Plaintiff

<u>Plaintiff's Address:</u>
19860 E. Tufts Dr.
Centennial, CO  80015